UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HANSON (#499906)                                          CIVIL ACTION

VERSUS

BRENNA JOLEL SMITH, L.P.N., ET AL.                               NO. 12-0764-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___1st___ day of April, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HANSON (#499906)                                              CIVIL ACTION

VERSUS

BRENNA JOLEL SMITH, L.P.N., ET AL.                                   NO. 12-0764-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Nurse Brenna Jolel Smith and Lt. Gale Smothers, complaining that his constitutional right to due process was violated in July, 2012, in connection with a disciplinary board hearing. Specifically, the plaintiff alleges that he was charged with a disciplinary violation by Nurse Smith on July 14, 2012, upon the instructions of Lt. Smothers, and went before a disciplinary board for a hearing on July 18, 2012. The plaintiff complains that at the disciplinary hearing, he was not allowed to call witnesses or face his accusers but was instead found guilty without these due process protections and was sentenced to "extended lockdown for a period of time." When the plaintiff filed a disciplinary appeal from this sentence, the appeal was apparently misplaced, resulting in his having to re-file the appeal. He prays for expungement of the disciplinary report from his prison record and also for a return to his former classification status.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought in forma pauperis by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct.

1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  Id.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.  Neiztke v. Williams, supra.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

      The plaintiff's Complaint fails to state a claim cognizable in this Court.  Specifically, the plaintiff's claim is precluded by the rule set forth in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  In Sandin, the United States Supreme Court noted that, while in rare situations, an inmate may claim entitlement to procedural due process in connection with prison disciplinary proceedings, such entitlement comes into play only where the punishment imposed upon an inmate has exceeded the inmate's sentence in an atypical or unexpected way.  Normally, however, the Due Process Clause does not afford an inmate a protected liberty interest in any particular procedures attendant to prison disciplinary hearings that would entitle him to the protections set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).  As stated in Sandin, it is only those punishments or restrictions which impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests.  Thus, while Sandin makes clear that punishments which

impact upon the duration of an inmate's confinement or which exceed the sentence in an unexpected manner may give rise to the protection of the Due Process Clause, see, e.g., Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital); Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (involuntary administration of psychotropic drugs), more routine disciplinary proceedings and punishments will not invoke this constitutional protection.  Accordingly, the plaintiff's claim in the instant case that he was not afforded appropriate due process during disciplinary proceedings which resulted in his placement in "extended lockdown for a period of time" may not be seen to infringe upon any constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.  See Dickerson v. Cain, 241 Fed.Appx. 193 (5th Cir. 2007) (holding that placement in punitive extended lockdown at LSP does not present "an atypical or significant hardship beyond the ordinary incidents of prison life").  Accordingly, the plaintiff's claim is without merit in a constitutional sense and must be dismissed as legally frivolous.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A, without prejudice to the plaintiff's right to seek additional relief upon satisfaction of the requirements set forth in Heck v. Humphrey, supra.[1]

Baton Rouge, Louisiana, this _____1st_____ day of April, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."